**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

---------------------------------  X

FCA US LLC,

                Plaintiff,

         v.                                    1:25-cv-11780

The Partnerships and Unincorporated Associations Identified on Schedule A,

                Defendant.

---------------------------------  X

## DEFENDANT CARBANK'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER SERVICE AND MOTION TO CONSIDER IMPROPER JOINDER

      Defendant Carbank ("Defendant") respectfully submits this Motion to Dismiss for lack of personal jurisdiction and improper service. Defendant further respectfully submits this Motion for the Court to consider improper joinder.

## **INTRODUCTION**

      On September 26, 2025, Plaintiff FCA US LLC ("Plaintiff"), sued a large number of online retailers, who operate stores on Amazon.com and other websites. One of these defendants, Carbank, moves this court to dismiss the Complaint for lack of personal jurisdiction and improper service. Further, Defendant requests the Court to consider improper joinder and also requests that this Court unfreeze Defendant's assets and accounts.

      Plaintiff alleged in the Complaint that "each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A attached

1

hereto." *See* Compl. ¶2, Dkt. No. 1. Plaintiff further alleged that all defendants targeted sales to Illinois residents. *Id*.

However, Defendant has no connection to Illinois. *See* Declaration of Jinfu Chen, ¶¶1-6. Defendant is a small business operated by an entity of People's Republic of China. Defendant established an online store, using a third-party retailer, Amazon.com. *Id*. By the time of the Complaint by the Plaintiff, Defendant had not accepted any orders purporting to ship the alleged infringing products to Illinois, and no such shipments took place. *Id*. In total, only three orders were shipped. *Id*. While there was one purported order placed from Illinois, that order was made by Plaintiff's counsel and was later automatically cancelled. *Id*. Further, Defendant does not associate with any other defendants in this present case. *Id.* Plaintiff only presented cursory facts upon its information and belief that are broadly applicable to all defendants. *See* Compl. ¶13, Dkt. No. 1. No material or specific allegations were directed towards Defendant Carbank, and such allegations cannot be accurate, as no alleged infringing product were actually sold to Illinois by Carbank.

## ARGUMENT

### I.     Legal Standard on a Motion to Dismiss Under Rule 12(b)(2)

The plaintiff has the burden of establishing personal jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a District Court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff must make only a prima facie case of personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). However, this court also accepts as true any facts contained in Defendant's affidavits that remain unrefuted by the plaintiff. *See First Nat'l Bank v. El Camino Res., Ltd.*, 447 F.Supp.2d 902, 905 (N.D.Ill. 2006).

## II. Plaintiff Cannot Establish That This Court Has Personal Jurisdiction Over Defendant

A court's exercise of personal jurisdiction may be limited by the applicable state statute or the federal Constitution; the Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760–61 (7th Cir. 2008).

Constitutional due process mandates that this Court assess whether a defendant possesses adequate minimum contacts with Illinois such that this action "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985).

Personal jurisdiction can be established through specific or general jurisdiction. Specific jurisdiction is proper where Defendant has "purposefully availed" herself of the benefits and protections of conducting activities in the forum state. *See Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs, of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010). General jurisdiction is permitted only where Defendant has "continuous and systematic general business contacts" with the forum. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Plaintiff has not alleged sufficient facts to establish that this Court may properly exercise either specific or general personal jurisdiction over Defendant. Accordingly, dismissal of the complaint as to Defendant is warranted.

### A. Defendant is Not Subject to Specific Jurisdiction in Illinois to the Matter at Issue

Specific personal jurisdiction is only appropriate when: "(1) the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities; (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020). Here, Plaintiff have not asserted facts adequate to demonstrate that their claims originated from any of Defendant's activities related to the forum. Defendant does not have sufficient minimum contacts with the forum and thus does not purposefully avail itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state.

No sales have actually been made and shipped to Illinois. Illinois Courts have consistently upheld the principle that the mere existence of an interactive website accessible in Illinois owned by a defendant, in itself, does not confer personal jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). ("Having an interactive website ... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."). In *Advanced Tactical*, the Seventh Circuit rejected the proposition that an interactive website available to Indiana customers, even accompanied by two email blasts to a list including Indiana residents and several fulfilled product orders to Indiana residents, sufficed for personal jurisdiction. *See also be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (finding the defendant did not deliberately

target or exploit Illinois market by merely maintaining an interactive website that is accessible to Illinois residents).

In analogous cases, this court adjudicated that personal jurisdiction was absent where the defendant Chinese online retailer made no sale to Illinois residents. *See Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2021 WL 825668 (N.D. Ill. Mar. 4, 2021); *see also General Tools & Instruments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, 1:20-cv-01036, Dkt. No. 167. (N.D. Ill. May. 17, 2021). Here, Plaintiff have not substantiated how Defendant purposefully availed itself of the jurisdiction of the State of Illinois.

In the recent Seventh Circuit Court of Appeals decision in *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022), the court determined that the defendant had engaged in knowing business activities in Illinois by fulfilling an order and intentionally dispatching an infringing product to the customer's specified Illinois address. In contrast to the situation in *NBA Properties*, Defendant, in this case, could not have reasonably anticipated being brought before an Illinois court, given that it did not engage in "knowingly doing business" with residents of Illinois and never dispatched the alleged infringing product to the state. *See Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (finding that personal jurisdiction was improper because the single sale of the relevant product by the defendant was unrelated to the litigation and occurred after the case was filed) *Cf., Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 400 (7th Cir. 2020) (finding that Defendant's 767 sales of the infringing product to Illinois residents provided "solid evidence" that Defendant "purposely exploited the Illinois market" and noting that "these sales certainly distinguish defendant from the defendant that merely operates a website … that is accessible from, but does not target, the forum state.").

In sum, Plaintiff have not shown and cannot establish that any of Plaintiff's alleged injuries arise out of any of Defendant's forum-related activities, and thus Plaintiff has not shown and cannot establish that Defendant is subject to specific personal jurisdiction in Illinois in this matter. Defendant does not have sufficient minimum contacts with the forum, and the maintenance of the suit would offend "traditional notions of fair play and substantial justice" in violation of due process.

### B. Defendant is Not Subject to General Jurisdiction in Illinois to the Matter at Issue

If a defendant is subject to general jurisdiction in a state, "then it may be called into court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010). Given these potentially severe consequences, the standard for whether a defendant is subject to general jurisdiction is "demanding," requiring "continuous and systematic" contacts with the forum state such that it can be treated as present in the state for essentially all purposes. *Id*.

Here, Defendant is not registered to do business in Illinois, it does not own any property or other assets in Illinois, or has any employees in Illinois. Defendant has no registered agent for service of process in Illinois. Moreover, Defendant did not make, sell, or advertise products in Illinois.

Consequently, Defendant lacks substantial contact with the State of Illinois that is "continuous and systematic" to characterize any of them as essentially "at home" in the state,

akin to a domestic enterprise. Consequently, Defendant is not amenable to general jurisdiction in Illinois.

### III. The Service of Process to Defendant is Improper under the Hague Service Convention

The purpose of the Hague Service Convention is to provide a simpler way to serve process abroad and to ensure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit in accordance with notions of due process. *See Cippolla v. Picard Porsche Audi, Inc.*, 496 A.2d 130, 131–32 (R.I. 1985) (holding that the Hague Service Convention is the exclusive means of serving a foreign corporation).

The Hague Convention "pre-empts inconsistent methods of service ... wherever it applies" *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988), and does not permit email service to a foreign defendant. In this case, Plaintiff failed to take any measures to effect service upon Defendant through means permitted by the Hague Convention. Instead, the Plaintiff used electronic service of process, based on a circumstance incompatible with the provisions of the Convention.

Consequently, Defendant has not been served with due process in accordance with the Hague Service Convention. Hence, Defendant Carbank moves this court to dismiss Plaintiff's Complaint against Defendant.

### IV. Defendant Carbank is Improperly Joined with Other Defendants

Defendant respectfully requests that this Court dismiss Defendant from this case, as Defendant has been improperly joined. Under Federal Rule of Civil Procedure 20(a)(2), defendants "may be joined in one action as defendants" if the following two conditions are met:

(1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The courts in this district have consistently acknowledged that merely asserting that multiple defendants have infringed the same patent or trademark is insufficient to satisfy the requirements of Rule 20(a). *See ThermaPure, Inc. v. TempAir, Inc.*, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010) ("Rule 20(a)'s requirement for a common transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same patent or trademark.")

Here, Plaintiff initiated legal action against multiple defendants, asserting claims of trademark infringement and counterfeiting and false designation of origin. Plaintiff made in their Complaint that all defendants on Schedule A to its Complaint are interrelated. However, Defendant Carbank does not have an association with any other defendants in this case. *See* Declaration of Jinfu Chen, ¶¶1-6. Plaintiff also alleged that all defendants infringed Plaintiff's trademarks. In fact, Defendant Carbank has not shipped any of the alleged infringing products to Illinois.

In cases of improper joinder, as is evident here, the court has discretion to dismiss the improperly joined parties from the proceedings. Dismissing Plaintiff's claims against the Defendant will not cause any harm or prejudice to Plaintiff's pursuit of relief against other defendants in this matter. Plaintiff would not be time-barred from refiling a complaint at the time of dismissal. The parties have generally not yet initiated discovery in this action and the Lanham

8

Act does not contain a statute of limitations. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, fn. 15 (2014).

Given the evidently questionable joinder of all defendants in the current case, including Defendant Carbank, the appropriate course of action would be to dismiss Defendant Carbank from the present case, and Defendant requests that this Court consider dismissing Defendant Carbank from the present case.

## **CONCLUSION**

Accordingly, for the reasons stated above, Defendant respectfully requests that this Court grant Defendant's motion to dismiss for lack of personal jurisdiction and improper service as not being in accordance with the Hague Convention. Further, Defendant requests that this Court consider dismissing Defendant from the case as being improperly joined. Finally, Defendant requests that this Court unfreeze Defendant's assets and accounts.

Dated: 16th day of November, 2025

Respectfully submitted,

By: /s Wenzhu Yu
Wenzhu Yu
Bar Number: 5619358
wency_yu@anjielaw.com
Anjie Broad Law Firm
14F, North Tower, Beijing Kerry Centre,
No.1 Guanghua Road, Chaoyang District
Beijing, China 100020
+86 13701022774

Attorneys for Defendant Carbank

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 16, 2025, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system with notice of case activity automatically generated and sent electronically to counsel of record.

/s Wenzhu Yu
Wenzhu Yu
Bar Number: 5619358
wency_yu@anjielaw.com
Anjie Broad Law Firm
14F, North Tower, Beijing Kerry Centre,
No.1 Guanghua Road, Chaoyang District
Beijing, China 100020
+86 13701022774

Attorneys for Defendant Carbank